UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLA McPETERS,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. EDCV 10-01258 AGR<br><br><br>**MEMORANDUM OPINION AND ORDER** |

　　　Marla McPeters filed this action on September 7, 2010. (Dkt. No. 3.) Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on September 22 and October 1, 2010. (Dkt. Nos. 8, 9.) On May 13, 2011, the parties filed a Joint Stipulation that addressed the disputed issue. (Dkt. No. 14.) This court took the matter under submission without oral argument. The decision of the Commissioner is affirmed.

///

///

///

///

///

# I.
# PROCEDURAL BACKGROUND

On December 14, 2007, McPeters filed an application for disability insurance benefits and supplemental security income benefits, alleging an onset date of June 6, 1995. Administrative Record ("AR") 100-10. The application was denied initially and upon reconsideration. AR 9, 48-52, 56-61. McPeters requested a hearing before an Administrative Law Judge ("ALJ"). AR 62. On May 21, 2009, the ALJ conducted a hearing at which McPeters and a vocational expert appeared and testified. AR 18-43. On September 3, 2009, the ALJ issued a decision denying benefits. AR 9-17. On July 23, 2010, the Appeals Council denied the request for review. AR 1-3. This action followed.

# II.
# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///
///

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that McPeters had the severe physical impairment of "carpal tunnel syndrome." AR 11. The ALJ found that the "mental impairment of depression does not cause more than minimal limitations in [her] ability to perform basic mental work activities and is therefore nonsevere." *Id*. The ALJ determined McPeters had the residual functional capacity ("RFC") to perform medium work, except that she was limited to frequent handling and fingering.[1] AR 12. The ALJ concluded McPeters was capable of performing past relevant work as a drafter. AR 16.

## C. Mental Impairment

McPeters argues the ALJ improperly determined that her mental impairment of depression was not severe at step two of the sequential analysis.

At step two, the claimant bears the burden of demonstrating a severe, medically determinable impairment that meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). To satisfy the duration requirement, the severe

---

[1] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighting up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

impairment must have lasted or be expected to last for a continuous period of not less than 12 months. *Id.* at 140.

> Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.

20 C.F.R. § 404.1508; 20 C.F.R. § 416.908. "[T]he impairment must be one that 'significantly limits your physical or mental ability to do basic work activities.'"[2] *Yuckert*, 482 U.S. at 154 n.11 (quoting 20 C.F.R. § 404.1520(c)); *Smolen v. Chater*, 80 F.3d at 1273, 1290 (9th Cir. 1996) ("[A]n impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities.") (citation and quotation marks omitted).

"An impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (emphasis in original, citation omitted). Step two is "a *de minimis* screening device [used] to dispose of groundless claims" and the ALJ's finding must be "clearly established by medical evidence." *Id.* at 687

---

[2] Basic work activities are the "abilities and aptitudes necessary to do most jobs," such as (1) physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling; (2) the capacity for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) the use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b); Social Security Ruling ("SSR") 85-15. Social security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations" and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

4

(citations and quotation marks omitted).  "[T]he ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." *Smolen*, 80 F.3d at 1290.

In finding McPeters' mental impairment non-severe, the ALJ "considered the four broad functional areas set out in the disability regulations for evaluating mental disorders." AR 12.  Applying that analytic framework, the ALJ determined:

> The first functional area is activities of daily living.  In this area, the claimant has no limitation.  The next functional area is social functioning.  In this area, the claimant has no limitation.  The third functional area is concentration, persistence or pace.  In this area, the claimant has no limitation.  The fourth functional area is episodes of decompensation.  In this area, the claimant has experienced no episodes of decompensation. Because [McPeters'] medically determinable mental impairment causes no more than "mild" limitation in any of the first three functional areas and "no" episodes of decompensation which have been of extended duration in the fourth area, it is nonsevere (20 CFR 404.1520a(d)(1) and 416.920a(d)(1)).

*Id.*

Substantial evidence supports the ALJ's conclusion that McPeters' mental impairment was not severe.  The examining psychiatrist, Dr. Abejuela, performed a psychiatric evaluation of McPeters.  AR 263-69.  Dr. Abejuela assessed no limitations in activities of daily living, mild difficulties in social functioning, mild limitations in concentration, persistence and pace, and no repeated episodes of deterioration.  AR 268.  As an examining physician's opinion based on independent clinical findings, Dr. Abejuela's opinion constitutes substantial evidence.  *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).  The state agency nonexamining physician reports also indicated that McPeters had no severe mental impairments.  AR 276, 295.  A non-examining physician's opinion may also constitute as substantial evidence when it is supported by other evidence in

the record and consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Even assuming error at step two, such error was harmless. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). Any prejudice could occur only at step four because all prior steps were decided in her favor. *Id.* As the ALJ acknowledged here, the RFC assessment takes into account limitations imposed by all impairments, even those that are not severe. *Id.* at 683 (citing SSR 96-8p); AR 11. Contrary to McPeters' argument, the ALJ did examine the mental health records in assessing her RFC. AR 14. The ALJ also cited Dr. Abejuela's report, which assessed McPeters' psychiatric limitations as none to mild. AR 14, 269. Essentially, McPeters argues that her tearfulness during psychological treatment sessions means that she would be subject to crying spells at work. Her treatment records belie that argument. For example, she reported that when she is with good friends, "her mood is generally good and may remain so for rest of the day." AR 360. On the other hand, she "[d]reads coming to see doctors" because it is "indicative that something is wrong with her." *Id.* Her psychologist recommended volunteer work to raise her low motivation level. AR 337. She followed through with volunteer work at a thrift store (although her volunteer work is limited when she lacks funds for bus fare). AR 400. The ALJ's decision is supported by substantial evidence.

**IV.**

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: August 31, 2011

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

6